UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LEESA STEVENS,

   Plaintiff,
vs.

THE BANK OF NEW YORK, MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-31CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-31CB and BAYVIEW LOAN SERVICING, LLC,

   Defendants.
_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, LEESA STEVENS, by and through undersigned counsel, and brings this action against the Defendants, THE BANK OF NEW YORK, MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-31CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-31CB ("BONY MELLON") and BAYVIEW LOAN SERVICING, LLC ("BAYVIEW"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendants' violation of the Truth In Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and their implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of TILA and RESPA. The

CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and TILA's respective implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in TILA and RESPA for Defendants' failure to comply with Section 1639g of TILA, Section 2605(k) of RESPA, Section 1024.35 and 1024.36 of Regulation X, and 1026.36 of Regulation Z.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because Plaintiff resides in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, Defendant, BONY MELLON was and is a foreign corporation, incorporated under the laws of the State of New York; duly licensed to transact business in the State of Florida, and lists its registered agent as its President: Gerald Hassell, One Wall Street, New York, NY 10286.

8. At all times material hereto, Defendant, BONY MELLON was and is a creditor as the term is defined in 15 U.S.C. §1602(g).

TL-9095

9. At all times material hereto, Defendant, BONY MELLON was and is an assignee pursuant to 15 U.S.C. § 1641. Upon information and belief, the assignment to BONY MELLON was voluntary.

10. At all times material hereto, Plaintiff was and is a resident of Broward County, Florida, and owns a home, which is Plaintiff's primary residence, in Broward County.

11. At some point in time prior to the violations alleged herein, BAYVIEW was hired to service the subject loan.

12. At all times material hereto, BAYVIEW, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation owned by BONY MELLON and secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at 12931 SW 42nd Street, Hollywood, Florida 33027.

## BACKGROUND AND GENERAL ALLEGATIONS

13. On or about September 15, 2006, Plaintiff entered into a fixed rate promissory note agreement with Countrywide Home Loans, Inc. (the "Note").

14. The Note was secured by a mortgage on Plaintiff's residence located at 12931 SW 42nd Street, Hollywood, Florida 33027, in favor of Mortgage Electronic Registration Systems, Inc. (the "Mortgage").

15. Plaintiff's residence is a residential structure containing one to four family housing units.

16. The Note signed by Plaintiff in connection with the Mortgage serviced by BAYVIEW is a consumer credit transaction within the meaning of, and subject to, TILA.

17. The mortgage loan in question is a "residential mortgage transaction" as defined in 15 U.S.C. §1602(x).

*TL-9095*

18.     The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

19.     On or about September 9, 2012, a foreclosure action was filed against Plaintiff in Broward County, Florida, bearing Case No. CACE1226757 (the "Foreclosure").

20.     After being served with the Foreclosure papers, Plaintiff retained Loan Lawyers, LLC, ("Loan Lawyers") to fight to save her home.

21.     Given that Plaintiff has owned and lived in her home since 2006, Plaintiff wished to pursue every available remedy and protection afforded to her by Congress or otherwise.

22.     The status of the foreclosure process in the State of Florida has deteriorated to such an extent that even the Supreme Court of Florida could not ignore the unfortunate situation. Pino v. Bank of New York, 121 So. 3d 23, 30 (Fla. 2013) (*quoting* Pino v. Bank of New York Mellon, 57 So.3d 950, 954 (Fla. 4th DCA 2011) ("many, many mortgage foreclosures appear[ed] [to be] tainted with suspect documents").

23.     Additionally, the CFPB has acknowledged that, "There is evidence that borrowers [have been] subjected to improper fees that servicers had no reasonable basis to impose, improper force-placed insurance practices, and improper foreclosure and bankruptcy practices." *78 Fed. Reg. 10902, 10906* (Feb. 14, 2013)(emphasis added).

24.     Plaintiff had legitimate concerns about specific charges that were being added to her account.

25.     In an effort to utilize the protections afforded to consumers by Congress, on or about August 1, 2014, Loan Lawyers—on behalf of Plaintiff—mailed to BAYVIEW a written request for information pursuant to TILA, Regulation X, and Regulation Z ("Plaintiff's RFI"). BAYVIEW received Plaintiff's RFI on or about August 5, 2014.

*TL-9095*

26. A true and correct copy of same is attached as Exhibit "A".

27. Plaintiff's RFI asked BAYVIEW to: (1) provide a detailed explanation of various charges on a May 16, 2014, mortgage statement, and specifically, the basis for each charge, the date of accrual of each charge, and any documents which support the incursion of the charges; and (2) provide an accurate statement of the total outstanding balance that would be required to satisfy the above-referenced obligation in full as of a specified date ("payoff statement").

28. BAYVIEW was obligated to provide an accurate payoff statement within seven (7) business days of receipt of Plaintiff's RFI, pursuant to 15 U.S.C. § 1639g and 12 C.F.R. § 1026.36(c)(3).

29. Section 1639g of TILA, states: "A creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower."

30. Section 1026.36(c)(3) of Regulation Z, states:

> [A] creditor, assignee or servicer, as applicable, must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date. The statement shall be sent within a reasonable time, but in no case more than seven business days, after receiving a written request from the consumer or any person acting on behalf of the consumer.

12 C.F.R. § 1026.36(c)(3)

31. BAYVIEW, was obligated to acknowledge receipt of Plaintiff's RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c).

32. BAYVIEW, was obligated to provide a written response to Plaintiff's information requests within thirty (30) business days, which included the requested information or stated that

*TL-9095*

the "requested information is not available to the servicer" and the "basis for the servicer's determination". *See* 12 C.F.R. § 1024.36(d).

33. Having not received an written acknowledgment or a payoff statement within the required timeframe, Plaintiff's counsel sent BAYVIEW a letter on August 28, 2014. The letter provided BAYVIEW with an additional two weeks to provide the outstanding information. Plaintiff's counsel even informed BAYVIEW that if additional time was needed to respond to Plaintiff's RFI, additional time may be requested.

34. A true and correct copy of the letter is attached hereto as Exhibit "B".

35. Exhibit "B" also served as a reminder that as to the other information requested in Plaintiff's RFI, a response was required within thirty (30) business days from receipt of Plaintiff's RFI.

36. On September 5, 2014, BAYVIEW sent a written acknowledgment letter to Plaintiff's counsel.

37. A true and correct copy of same is attached hereto as Exhibit "C".

38. However, Exhibit "C" never stated that a response would be forthcoming; rather, it stated that "your inquiry will be reviewed promptly." *See Exhibit "C"*.

39. Thereafter, BAYVIEW never sent a response and blatantly ignored Plaintiff's requests.

40. To date, BAYVIEW has failed or refused to respond to Plaintiff's RFI, contrary to 12 C.F.R. § 1024.36(d)(2)(i)(B).

41. To date, BAYVIEW has failed or refused to provide an accurate payoff statement within seven (7) business days after receiving a request, contrary to 15 U.S.C. § 1639g and 12 C.F.R. § 1026.36(c)(3).

*TL-9095*

*TL-9095*

42. A failure to provide an accurate payoff statement is also considered an "error" for purposes of Section 1024.35(b)(6). BAYVIEW was given notice of this error. *See* Exhibit "B".

43. BAYVIEW's failure to respond to this "error" within seven (7) business days thereafter, is a violation of Section 1024.35(e)(3)(i)(A).

## COUNT I – VIOLATION OF 15 U.S.C. § 1639g

44. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 43.

45. Upon information and belief, BONY MELLON has considerable control over BAYVIEW by virtue of a Servicing Agreement that governs their relationship.

46. Upon information and belief, the above-referenced agreement contains specific details and guidelines that BAYVIEW is to follow.

47. Upon information and belief, one of the very specific functions the Servicing Agreement was designed to cover was BAYVIEW's responding to requests for information, notices of error, and requests for payoff statements.

48. Upon information and belief, BONY MELLON may terminate BAYVIEW's employment at any time.

49. As its servicer, BAYVIEW is the employee and agent of BONY MELLON.

50. BONY MELLON is responsible for BAYVIEW's failure to provide an accurate payoff statement since BAYVIEW was acting in furtherance and within the scope of its employment for BONY MELLON.

51. Various courts in the Southern District have found that vicarious liability applies to TILA violations. *See* Lucien v. Federal Nat. Mortg. Ass'n, 2014 WL 2184934 (S.D. Fla. May 23, 2014); Khan v. Bank of New York Mellon, 849 F. Supp. 2d 1377 (S.D. Fla. Mar. 19, 2012); Kissinger v. Wells Fargo Bank, N.A., as Trustee for Soundview Home Loan Trust 2007–Opt2,

Asset Backed Certificates, Series 2007–Opt2, 2012 WL 3759034 (S.D. Fla. August 30, 2012); and Santos v. Federal National Mort. Ass'n, 2012 WL 3860559 (S.D. Fla. Sept. 6, 2012).

52. Plaintiff attempted to amicably resolve the above-issue prior to the filing of this lawsuit. *See* Exhibit "B".

53. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

54. Plaintiff is entitled to the following damages for violations of TILA by Defendant, BONY MELLON: statutory damages of not less than $400 nor greater than $4000 pursuant to 15 U.S.C. § 1640(a)(2)(A)(iv), and the costs of this action together with a reasonable attorney's fee as determined by the court, pursuant to 15 U.S.C. § 1640(a)(3).

## COUNT II –VIOLATION OF 12 U.S.C. § 2605(k)

55. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 43.

56. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

TL-9095

57. Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

58. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

59. BAYVIEW has failed to comply with 12 C.F.R. § 1024.35(e)(3)(i)(A) in that BAYVIEW did not provide a response to a notice of error asserted under 12 C.F.R. § 1024.35(b) within the required timeframe. As such, BAYVIEW has violated 12 U.S.C. § 2605(k)(1)(C).

60. BAYVIEW has failed to or refused to comply with 12 C.F.R. § 1024.36(d)(2)(i)(B) in that BAYVIEW did not provide a response to a request for information within the required timeframe. As such, BAYVIEW has violated 12 U.S.C. § 2605(k)(1)(E).

61. Plaintiff attempted to amicably resolve the above-issues prior to the filing of this lawsuit. *See* Exhibit "B".

62. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

63. Plaintiff is entitled to actual damages as a result of Defendant, BAYVIEW's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but

TL-9095

not limited to: photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to BAYVIEW's failure to respond to Plaintiff's RFI. *See* Marais v. Chase Home Finance, LLC, 736 F.3d 711, 721 (6th Cir. 2013)(the court finding that expenses became actual damages when servicer ignored its statutory duties); Soriano v. Countrywide Home Loans, Inc., Case No. 09-CV-02415-LHK (N.D. Ca. 2011)(the court finding that actual damages include attorney's fees incurred when attorney sent follow-up correspondence for deficient QWR response); Cortez v. Keystone Bank, Inc., 2000 WL 536666, *12 (E.D. Pa. 2000)(the court finding that actual damages encompass compensation for pecuniary loss); Rawlings v. Dovenmuehle Mortg., Inc., 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999)(the court finding that actual damages include costs for correspondence and travel).

64. Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of BAYVIEW's pattern or practice of noncompliance with Regulation X and RESPA.

65. In this case alone, BAYVIEW has violated four (4) separate provisions of Regulation X and RESPA.

66. Moreover, Plaintiff's counsel can demonstrate numerous correspondences sent to BAYVIEW, relating to other clients under the applicable statutes, in which BAYVIEW failed to acknowledge or adequately respond as required by law.

67. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

TL-9095

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, LEESA STEVENS, respectfully asks this Court to enter an order granting judgment for the following:

(a) That BAYVIEW be required to provide an accurate payoff statement;

(b) That BAYVIEW be required to provide the information requested in Plaintiff's RFI;

(c) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1640(a) and 12 U.S.C. § 2605(f); and

(d) Such other relief to which this Honorable Court may deem just and proper.

*TL-9095*

## DEMAND FOR JURY TRIAL

Plaintiff, LEESA STEVENS, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:     (954) 523-4357
Facsimile:     (954) 581-2786

*TL-9095*